Donahue, J.
Section 13681, General Code, provides that the prosecuting attorney or attorney general may except to a decision of the court in criminal cases and may present a bill of exceptions thereto, which the court shall sign, and it shall be made a part of the record.
Section 13682, General Code, provides that the prosecuting attorney or attorney general may present such bill of exceptions to the supreme court and apply for permission to file it with the clerk thereof for the decision of such court upon the points presented therein.
Section 13683, General Code, directs that if the supreme court is of the opinion that the questions *22 presented should be decided upon, it shall allow the bill of exceptions to be filed and render decision thereon.
Section 13684, General Code, provides that the judgment of the court in the case in which the bill was taken shall not be reversed nor affected, but that the decision of the supreme court shall determine the law to govern in a similar case.
These sections apply to all criminal cases, felonies and misdemeanors alike. This court has heretofore held in the case of State v. Cox, 87 Ohio St., 313, that these sections of the General Code confer appellate jurisdiction upon the supreme court to the extent and for the purposes specified therein. These sections were passed by the general assembly of Ohio under authority of Section 2 of Article IV- of the Constitution of 1851, which provided that the supreme court should have original jurisdiction in certain cases “and such appellate jurisdiction as may be provided by law.”
Section 2 of Article IV of the Constitution of Ohio, as amended September 3, 1912, gives to the supreme court of Ohio appellate jurisdiction in all cases involving questions arising under the constitution of the United States or of this state, in cases 'of felony on leave first obtained, and in cases which originated in the court of appeals.
This indictment against John A. Mansfield for a violation of the law to prevent corrupt practices at elections charges a misdemeanor only and not a felony. It is very clear that under this amendment to the constitution the supreme court has not appellate jurisdiction in misdemeanor cases, and it *23 is equally clear that the legislature of Ohio has not now the authority to confer appellate jurisdiction upon this court.
The general schedule to the amendments adopted September 3, 1912, provides that all laws in force at the time of the adoption of the amendments, not inconsistent therewith, shall continue in force until amended or repealed. It follows, therefore, that all laws or parts of laws that are inconsistent with these amendments are no longer in effect, and this law purporting to confer appellate jurisdiction upon the supreme court in misdemeanor cases is to that extent at least inconsistent with the amendments to the constitution, and this court has no appellate jurisdiction in such cases.
Nor can this court acquire appellate jurisdiction in this cause by the further constitutional provision that in cases of public or great general interest it may direct any comí of appeals to certify its record to the.supreme court. That provision by its express terms authorizes the supreme court in such cases to review and affirm, modify or reverse the judgment of the court of appeals and not the judgment of any other court. It is limited not only to the cases therein provided for, but also to the judgments of the courts therein specified. These exceptions here presented were taken to the judgment of the common pleas court in the trial of a misdemeanor. This court has no power or authority in cases of public or great general interest to direct the common pleas court to certify its record to the supreme court for review. This court is without jurisdiction in this cause to enter any judgment or order except that *24 these exceptions be stricken from the files of this court.

Exceptions dismissed.

Nichols, C. J., Shauck, Johnson, Wanamaker, Newman and Wilkin, JJ., concur.